UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOYLYN D. GABBARD,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                Defendant.

CASE NO. C07-5124RJB

REPORT AND RECOMMENDATION

Noted for August 21, 2009

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the court on plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412, The Equal Access to Justice Act ("EAJA"). After reviewing the record, the Court should GRANT the motion.

<u>DISCUSSION</u>

The EAJA provides, in relevant part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses

REPORT AND RECOMMENDATION - 1

> which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B). In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir.1998).

When assessing EAJA fee applications for cases that have been remanded because of an administrative law judge's procedural error, "the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir.2008) (*citing* Corbin v. Apfel, 149 F.3d 1051, 1052-53 (9th Cir.1998)). The court should not focus on the government's defense of specific alleged errors. In Shafer, the Ninth Circuit Court of Appeals held that defending "fundamental" errors, such as assessing a claimant's residual functioning capacity, are difficult to justify. Shafer, 518 F.3d at 1072.

Here, plaintiff is seeking an award of attorney's fees of $18,487.93, costs of $5,742.70, and expenses of $96.26. The attorney's fee request reflects approximately 43 hours of time expended before this court, 61.5 hours of time expended presenting the matter to the 9th Circuit Court of Appeals, and 4.1 hours of time on miscellaneous issues, including preparation of the motion for fees.

REPORT AND RECOMMENDATION - 2

Previously the matter was reviewed and the administrative decision was affirmed by this Court (finding no error in the ALJ's assessment of Plaintiff's credibility or consideration of the medical evidence). Plaintiff timely filed an appeal. While on appeal, following briefing by the parties, but prior to a decision on the merits, the parties filed a stipulation, agreeing to remand the matter for further consideration. Based on the stipulation, the Ninth Circuit Court of Appeals entered an Order on May 14, 2009, reversing and remanding for further administrative proceedings.

The undersigned has not been provided copies of the appellate briefing to review the exact nature of the issues raised on appeal and the basis for the stipulation. Defendant's response brief to the motion for fees conceded that procedural errors by the ALJ below rendered the government's position not substantially justified. The government admitted errors and does not plead substantial justification. Defendant argues that the fees asked for by Plaintiff are nonetheless unreasonably excessive. Defendant asks the court to limit the number of hours to no more than a total of 80 hours of time (40 hours in district court and 40 hours at the appellate level).

After reviewing the matter, the undersigned finds no justification for reducing the number of hours submitted by Plaintiff. The 43 hours spent at the initial judicial review level is very near the 40 hours argued by Defendant as being reasonable. The 61.5 hours of work expended preparing the case for the Ninth Circuit is 20 hours more than recommended by the Defendant. Defendant argues that the issues and the drafting of the briefs would logically be less time intensive than when first developed for the Administrative Appeals Council and/or the U.S. District Court. However, under Schafer the issue before the court is whether the government's decision to defend on appeal the procedural errors committed by the ALJ were substantially

REPORT AND RECOMMENDATION - 3

justified. Significantly, Defendant conceded it was a procedural error that justified the stipulation to remand the matter for further consideration, and defendant is not arguing that the ALJ's procedural errors were substantially justified. Nor has the Defendant provided any explanation for the timing of the stipulation, which arguably could have been negotiated before all of the appellate briefing was completed. The mere fact that Plaintiff needed to spend more time preparing the appellate case than the initial judicial review, does not by itself render the fee unreasonable. It is certainly reasonable to conclude that the time required to properly prepare appellate briefing could exceed the amount of time to prepare a brief for the trial court. This court declines the invitation to limit those fees on appeal solely on that basis. Plaintiff's fees are delineated and specific and should be awarded in total.

## CONCLUSION

Based on the foregoing discussion, the Court should GRANT plaintiff's motion for EAJA fees, expenses and costs. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 21, 2009, as noted in the caption.

DATED this 27th day of July, 2009.

J. Richard Creatura
United States Magistrate Judge